### HENRY SLOAN v. THE STATE.

No. 3649.   Decided June 25, 1915.

Rehearing denied October 13, 1915.

**1.—Local Option—Sufficiency of the Evidence.**

Where, upon trial of a violation of the local option law, the evidence was sufficient to support the conviction, there was no reversible error.

**2.—Same—Charge of Court—Limitation.**

Where, upon trial of a violation of the local option law, the evidence showed that if a sale was made, it was made within less than two years prior to the return of the indictment (the offense being a misdemeanor), a complaint that the court erred in his charge upon limitation was untenable.

Appeal from the County Court of Johnson.   Tried below before the Hon. B. Jay Jackson.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and thirty days confinement in the county jail.

The opinion states the case.

*W. B. Featherston,* for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of violating the prohibition law in Johnson County and his punishment assessed at imprisonment in jail for thirty days and a fine of $25.

The evidence is amply sufficient to sustain the verdict as Warren Clark testifies he purchased a bottle of whisky from him about the 10th day of February, 1914, and paid him 50 cents for it.

Appellant introduced evidence tending to show that he was on the county road in Johnson County, working out a fine from February 4, 1914, until March 4, 1914.   However, the judgment introduced by him states the judgment of conviction was had on March 10, 1914.

In addition to this Warren Clark testified that he knew when appellant went on the road, and he purchased the whisky a little while before he went on the county road.

Appellant insists that the court erred in authorizing a conviction for any period of time two years prior to February 14, 1914, when he should have counted the time within two years prior to the filing of the indictment in this case.   Appellant's contention is correct, and if the evidence suggested that the alleged sale may have been any time prior to two years before the filing of the indictment, his contention would be ground for reversal of the case.   But, as the evidence and all the evidence shows that if a sale was made, it was made within less than two years prior to the return of the indictment, the assignment presents no ground for reversal

The judgment is affirmed

*Affirmed.*

[Rehearing denied October **13**, 1915.—Reporter.]